IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

T.W. VENDING, INC. and
THREE SQUARE MARKET, INC.,

          Plaintiffs,

v.

COD FOOD SERVICES, et al.

          Defendants.

ORDER

17-cv-529-slc

---

In its April 13, 2018 order, pursuant to F.R. Civ. Pro. 37(a)(5)(A) the court granted plaintiffs' request to shift costs on plaintiffs motions to re-designate defendants' AEO documents, and motion for discovery sanctions. Dkt. 62 at 12. On April 23, 2018, plaintiffs submitted a claim for $62,990 based primarily on the work of three attorneys billing at $300/hr. and one attorney billing at $190/hr. *See* dkt. 65 and attachments. Defendants responded in opposition (dkt. 67), arguing that plaintiffs are not entitled to reimbursement under Rule 37(a) of expenses incurred regarding these matters, among others: plaintiffs' motion to amend their complaint; their motion to compel disclosure of tax information; all 53 of the hours spent drafting the first motion to compel; correction of redaction/filing errors; all seven hours of prep time for the telephonic motion hearing; plaintiffs' review of discovery actually provided by defendants; all 51 hours of drafting time on the sanctions motion; time spent on the issue of rescheduling; time spent consulting with and updating the clients. Defendants contend that the court should at most shift $21,860 in expenses. *See* dkt. 67.

Rule 37(a)(5) authorizes payment of expenses arising out of *discovery* disputes. Therefore, plaintiffs are not entitled to reimbursement of their costs seeking leave to amend their complaint or resetting the schedule. But plaintiffs may pass to defendants the cost of itemizing their

properly reimbursable expenses. *See, e.g., L.H.H. ex rel. Hernandez v. Horton*, 2015 WL 1057466 at *5 (N.D. Ind. 2015). Defendants' other objections to plaintiffs' claim arise under the specific requirements of Rule 37(a)(5): the court is to award "reasonable" expenses, it must not award expenses if the opponent's position was "reasonably justified," and it must not award expenses if other circumstances make the award "unjust." Other than striking the billings that are not discovery related, there is no basis to deem any part of plaintiffs' claim "unjust." Defendants are correct that they won the part of the motion to compel related to tax documents, so that should not be part of the award. None of defendants' other positions in opposition to the compelled discovery were "reasonably justified," particularly by the time plaintiffs filed their motion for sanctions. So the question becomes: is what remains of plaintiffs' pared down bill reasonable? This is where courts, for better or worse, second-guess counsel's decisions on how much time they spent on which aspects of their successful discovery motions. *See, e.g., Knapp v. Evgeros, Inc.*, 2016 WL 2755452 at *3 (N.D. Il. 2016)(court cuts the hours claimed for various activities based on its view of what was reasonably necessary).

Here, defendants do not complain about the $300/hr. rate claimed by most of plaintiffs' attorneys, so the court will accept that rate as reasonable. Next, I do not doubt that plaintiffs' attorneys spent the time claimed on the activities listed, but it was too much. I am not going to flyspeck plaintiffs' claim by pointing to particular activities on particular days by particular attorneys, but I note that from the court's perspective, plaintiffs' attorneys exceeded the bounds of reimbursable reasonableness in their time spent drafting their briefs on both motions, preparing for the telephonic motion hearing, and reviewing the discovery provided after the hearing as a reimbursable prelude to plaintiffs' motion for sanctions.

Taking into account the totality of circumstances relevant to the multi-phased discovery disputes on which plaintiffs prevailed in their motions, it was reasonable for plaintiffs' attorneys to put in 100 hours at $300/hr to achieve the results ordered by the court. Therefore, plaintiffs are entitled to $30,000 in cost shifting. Because of the size of this award, the court will allow defendants (and their attorneys) more than the usual 30 days to reimburse plaintiffs.

ORDER

Pursuant to F.R. Civ. Pro. 37(a)(5)(A), it is ORDERED that defendants and their attorneys are jointly and severally liable to pay $30,000 to plaintiffs' attorneys not later than August 2, 2018.

Entered this 2nd day of May, 2018.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge